UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL W. MCCLENDON | ) | Case No.: 1:10 CV 269 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| JAMES SHANNON, *et al.* | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Michael W. McClendon, Plaintiff *pro se*, brought this action alleging a violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Attorneys James Shannon and Donald Butler, Cuyahoga County, Ohio Prosecutor William Mason and Cuyahoga County Common Pleas Court Judge Richard J. McMonagle. The Plaintiff contends that he is being deprived of his constitutional rights because he has not been allowed to be present during court proceedings although he fought with his attorneys to be allowed to attend. Attorney Butler told him that Judge McMonagle and Prosecutor Mason determined that a defendant does not have the right to be physically present at every stage of the criminal proceedings. He further asserts that his indictment is fraudulent because it does not contain Mason's original signature. Plaintiff requests money damages in the amount of $900,000,000.00, that his two court cases be dismissed and that the Attorneys' law licenses be revoked and that the Judge and Prosecutor resign from their positions.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking

relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167 *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

Judge Richard McMonagle is a common pleas court judge. It is well-established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act, judicial immunity applies. *Yarbrough v. Garrett,* 579 F.Supp.2d 856, 860 (E.D. Mich., 2008)(citing *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994). No facts have been alleged that reasonably suggest that Defendant acted outside the scope of his official duties. Judge McMonagle was definitely acting within the scope of his official duties in presiding over Plaintiff's court cases.

Prosecutors are absolutely immune from liability under § 1983 for their conduct as long as that conduct is intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "The analytical key to prosecutorial immunity ... is advocacy-whether the actions in question are those of an advocate." *Skinner v. Govorchin,* 463 F.3d 518, 525 (6th Cir. 2006) (citations and internal quotation marks omitted). There is no indication in the complaint that Prosecutor William Mason was acting outside of the scope of his responsibilities.

Examination of the Cuyahoga County Common Pleas Court Docket shows that Plaintiff is

scheduled to be sentenced in his two cases, Case Nos. 529410 and 530182, on March 18, 2010. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 4.

All three factors supporting abstention are present in this case. The issues presented in the complaint are clearly the subject of a state court criminal matter, which are of paramount state interest. *See Younger*, 401 U.S. at 44-45. Therefore, this court is required to abstain from intervening in the state court proceedings.

If Plaintiff is sentenced and imprisoned while the present case is pending, the *Younger* Doctrine would not be applicable. The allegations set forth in the complaint, including his contention that his indictment was fraudulent, clearly challenge the validity of plaintiff's conviction and resulting confinement in an Ohio penal institution. The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475 (1973). In other words, a complaint seeking relief under 42 U.S.C. § 1983 is not a permissible alternative to a petition for writ of habeas corpus if the plaintiff essentially challenges the legality of his confinement. *Id*.

The present case is clearly an instance where a court decision would express an opinion as

to the validity of Plaintiff's conviction, as any opinion by this court on the issue he seeks to raise would necessarily implicate the validity of that conviction. Thus, absent an allegation that Plaintiff's conviction has been reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, Plaintiff may not recover damages for his claim. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Omosule v. Hurley*, 2009 WL 5167641 * 2 (S.D. Ohio, Dec 21, 2009).

Finally, any claims against his counsel must be dismissed because there is no allegation or indication that they were acting under color of state law for purposes of 42 U.S.C. § 1983.

Accordingly, for the reasons set forth above, this action is dismissed pursuant to 28 U.S.C. § 1915A. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

March 19, 2010